**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LUIS ARANGO,                                      Case No.

        Plaintiff,
v.

CAVALRY SPV I, LLC,

        Defendant.
_____/

**COMPLAINT AND REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiff, LUIS ARANGO (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues CAVALRY SPV I, LLC, for damages and alleges in support thereof:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Luis Arango, is a natural person who resides in Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Cavalry SPV I, LLC (hereinafter referred to as "Defendant"), is a foreign limited liability company operating from a principal address of 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant regularly conducts business in the State of Florida and has significant and substantial contacts with and throughout this State.

## FACTUAL ALLEGATIONS

6. Prior to December 23, 2014, Plaintiff owed a credit card debt (hereinafter the "Debt") to Defendants' predecessor in interest, Capital One Bank (USA), N.A., which he used only to make personal, family and household purchases.

7. On December 23, 2014, Plaintiff and his wife a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, case no. 9:14-bk-14793.

8. On March 27, 2015, Defendant submitted a proof of claim in Plaintiff's bankruptcy case, asserting the right to payment on the Debt. *See* **Exhibit "A"**.

9. According to Defendant's own records, the last payment on the Debt was made on November 8, 2008.

10. Thus, the statute of limitations to collect the Debt had expired before the Plaintiff filed his bankruptcy petition.

11. By filing the proof of claim in Plaintiff's bankruptcy case, Defendant was asserting a legal right to payment on the credit card debt that did not exist at that time due to the

expiration of the relevant statute of limitations.

12. Defendant's filing of the time-barred claim in Plaintiff's bankruptcy case could not have been done in error, as the Defendant's own records reflect the last date on which payment was made on the Debt. Defendant, in filing the proof of claim, specifically knew such date at the time of filing, and therefore was completely aware that its claim to the Debt had expired. Accordingly, Defendant's actions could not have been error, and must have been knowing, voluntary and intentional.

13. Upon information and belief, it is Defendant's routine business practice to knowingly and intentionally file stale proof of claims in consumer debtor bankruptcy cases in an attempt to collect debt that can no longer legally be collected from such debtors in violation of consumer protection laws.

14. The filing of a proof of claim in a bankruptcy case requires compliance with the FDCPA. *See* 15 U.S.C. §§ 1692(e)(11) and 1692g; *see also Crawford v. LVNV Funding, et al.*, 758 F.3d 1254 (11th Cir. 2014).

15. By signing a proof of claim in a bankruptcy case, a creditor is representing to the bankruptcy court that it conducted a reasonable investigation into the law and the facts surrounding such claim, and that its inquiry led to the conclusion that the proof of claim was warranted by existing law or non-frivolous argument. *See In the Matter of Sekema*, 523 B.R. 651, 653 (Bankr. N.D. Ind. 2015); *see also* Federal Rule of Bankruptcy Procedure 9011.

16. As recognized by *Feggins v. LVNV Funding, et al.*, case no. 14-ap-01049 (M.D. Ala. Aug. 25, 2015), "the FDCPA compliments the Bankruptcy Code both in purpose and in practice. There is no implicit repeal of the FDCPA in the [bankruptcy] claims allowance process; thus, there is no preclusion of FDCPA claims based on the filing of facially time-barred proofs of claim."

17. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

18. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

19. Upon information and belief, Defendant did knowingly make a false representation of the legal status of the Debt by falsely representing in the proof of claim that the Debt was legally collectible, in direct violation of 15 U.S.C. § 1692e(2)(A).

20. The filing of a proof of claim in a bankruptcy case constitutes an effort to obtain payment of a debt, and further constitutes the assertion of a legal right to such payment. Therefore, the filing of a proof of claim on time-barred debt constitutes a violation of 15 U.S.C. § 1692e(2)(A).

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

22. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

23. Upon information and belief, Defendant did knowingly use a false representation and deceptive means to collect the Debt by falsely representing in the proof of claim that the Debt was legally collectible, in direct violation of 15 U.S.C. § 1692e(10).

24. The filing of a proof of claim in a bankruptcy case constitutes an effort to obtain payment of a debt, and further constitutes the assertion of a legal right to such payment. Therefore, the filing of a proof of claim on time-barred debt constitutes a violation of 15 U.S.C. § 1692e(10).

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

26. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

27. Upon information and belief, Defendant did knowingly use unfair and unconscionable means to collect the Debt, in direct violation of 15 U.S.C. § 1692f.

28. The filing of a proof of claim in a bankruptcy case constitutes an effort to obtain payment of a debt, and further constitutes the assertion of a legal right to such payment. Therefore, the filing of a proof of claim on time-barred debt constitutes a violation of 15 U.S.C. § 1692f.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, the Plaintiff, LUIS ARANGO, having set forth his claims for relief against the Defendant, CAVALRY SPV I, LLC, respectfully prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for an award of actual damages for Plaintiff suffered as a result of the intentional and/or negligent FDCPA violations in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Dated: November 6, 2015

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By:  /s/ Joseph C. LoTempio
 Joseph C. LoTempio, Esq.
 Fla. Bar No. 0086097
 jlotempio@dellutrilawgroup.com